U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 1 2006

ROBERT H. SHELWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DON C. WILLIS,<br>　　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV05-0351-A |
| VERSUS | |
| STATE OF LOUISIANA, et al.,<br>　　　Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), in forma pauperis, by pro se plaintiff Don C. Willis ("Willis") on February 25, 2005. The named defendant is the Corrections Corporation of America ("CCA") d/b/a[1] the Winn Correctional Center ("WCC") in Winnfield, Louisiana.[2] Willis contends that, while he was incarcerated in the WCC from January 2002 through January 2004, he was denied diabetes medicine, a diabetic diet, pain medication, physical therapy, a handicap-accessible cell with handrails to assist him in getting in and out of his wheelchair, bed, and toilet facilities, and mental health medication. Willis further alleges that, on March 11, 2003, he suffered injuries to his head, back,

---

[1] CCA contends the WCC is owned by the State of Louisiana and operated by the CCA (Doc. Item 14).

[2] The State of Louisiana through the Louisiana Department of Public Safety and Corrections ("LDPSC"), Timothy Wilkinson, Aurthor Lee, and Tod Thomas were voluntarily dismissed on motion of plaintiff (Doc. Item 7).

and shoulder when he fell during an attempt to move from his wheelchair to the toilet. Willis further contends Capt. Author Lee used excessive force against him on May 27, 2002, he "suffered malicious and repeated retaliatory disciplinary write-ups," was frequently held in preliminary hearing detention in excess of 72 hours, was retaliated against for filing ARP's, his outgoing personal and legal mail were censored, his incoming legal mail was censored, he was coerced into dismissing his ARP's in order to receive an early lockdown release, and he was incarcerated an additional 295 days beyond his scheduled discharge date. Willis asks for general and punitive damages (Doc. Item 7) and for this court to compel CCA to make WCC handicap-accessible. Willis is presently residing in Pollock, Louisiana.

The CCA answered the complaint (Doc. Item 13) and filed a motion to dismiss or, alternatively, a motion for summary judgment, with a statement of undisputed facts (Doc. Item 14). Willis has not responded to the defendant's motion, which is now before the court for disposition.

## Law and Analysis

Defendant CCA contends Willis' complaint should be dismissed as time-barred.

For the purposes of a motion to dismiss pursuant to Fed.R.Civ.P. rule 12(b)(6), the factual allegations of the complaint must be taken as true, and any ambiguities must be

resolved in favor of the pleader. <u>Doe v. U.S. Dept. of Justice</u>, 753 F.2d 1092, 1101 (D.C.Cir. 1985). A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. <u>Crowe v. Henry</u>, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Hirras v. National Railroad Passenger Corp.</u>, 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 855 (1994); <u>Doe</u>, 753 F.2d at 1102. On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim. <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994), citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

Section 1983 actions in Louisiana are governed by a one year prescriptive period. La.C.C. art 3492; <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); <u>McGregor v. LSU Bd. of Supervisors</u>, 3 F.3d 850, 864 (5th Cir. 1993, <u>cert. den.</u>, 510 U.S. 1131, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994). This prescriptive period commences to run from the date injuries or damages are sustained, <u>Washington v. Breaux</u>, 782 F.2d 553, 554 (5th Cir. 1986),

3

or, under the doctrine of *contra non valentum*, from the time the plaintiff knew or could reasonably have known he had a cause of action, McGregor, 3 F.3d at 865. Also, Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1322 (La. 1979).

Willis has also filed his claim pursuant to the Americans with Disability Act. The ADA, like many federal civil rights statutes, does not contain specific limitations periods. In such situations, Congress has directed courts to borrow the most appropriate state statute of limitations to apply to the federal cause of action. 42 U.S.C.A. § 1988; Wilson v. Garcia, 471 U.S. 261, 271-272, 105 S.Ct. 1938, 1944-452 (1985). Since the ADA does not contain a statute of limitations, Louisiana's one year limitation period for personal injury actions is applicable to this case and begins to run from the date injuries or damages are sustained. Compare, Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133 (9th Cir.), cert. den., 537 U.S. 1030, 123 S.Ct. 559 (2002); Everett v. Cobb County School Dist., 138 F.3d 1407 (11th Cir. 1998); Soignier v. American Bd. of Plastic Surgery, 92 F.3d 547, 551 (7th Cir. 1996), cert. den., 519 U.S. 1093, 117 S.Ct. 771 (1997).

Under the facts presented by Willis in his complaint, Willis' last-accrued cause of action was the failure to timely release him from incarceration. All of the other incidents alleged in the complaint occurred and accrued before Willis' release from prison. Willis was released on January 22, 2004. Therefore, any causes of

action Willis may have had prescribed on or before January 23, 2005. Since Willis' complaint was not filed until February 25, 2005, it is untimely.

Therefore, the CCA's motion to dismiss should be granted on the basis that Willis's claims are time-barred.[3]

---

[3] It is further noted that Willis failed to exhaust his administrative remedies. Although Willis filed first step ARP's as to some of his claims, he did not do so as to all of his claims, and he failed to pursue the ones he filed through all three steps of the administrative remedy procedures. Section 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under Section 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is *mandatory*, irrespective of the forms of relief sought and offered through administrative remedies. Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Also, Clifford v. Gibbs, 298 F.3d 328, 330-331 (5th Cir. 2002); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Also, Days v. Johnson, 322 F.3d 863 (5th Cir. 2003). Resort to a prison grievance process must precede resort to a court. Porter, 534 U.S. at 529, 122 S.Ct. at 990. Therefore, Willis' complaint could also be dismissed for lack of exhaustion.

It is also pertinent that Willis voluntarily dismissed all individual defendants from this action and thereby dismissed all claims for which only an individual defendant could be held liable, such as his claims for excessive force, retaliation, coercion, denial of medication, and mail censorship. In order to establish the personal liability of a certain defendant to a plaintiff who is claiming damages for deprivation of his civil rights, that plaintiff must show that particular defendant's action or inaction was a violation of the plaintiff's civil rights. Reimer v. Smith, 663 F.2d 1316, 1322 n. 4 (5th Cir. 1981). Also, Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 1098 n. 7, 89 L.Ed.2d 271 (1986). Since Willis has not named as defendants the individuals whom he alleges violated his civil

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the defendant's motion to dismiss be GRANTED and that Willis' action be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

---

rights, those claims could be dismissed on that basis, as well.

Finally, to the extent that Willis' complaint implicitly alleges the vicarious liability of CCA for the acts of its employees, he fails to allege a cause of action against CCA for such claims as retaliation, denial of medication, mail censoring, and excessive force. A corporation may not be sued under §1983 for an injury inflicted solely by its employees.

> ". . .[a] corporation acting under color of state law will only be held liable under §1983 for its own unconstitutional policies. Monell v. Dept. of Soc. Serv., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under §1983. Id. at 694, 98 S.Ct. at 2037."

Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). The doctrine of respondeat superior, which makes an employer or supervisor vicariously liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

6

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 1st day of February, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE